**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Buford "Chad" McDowell and Rachel Riley, individually and on behalf of all those similarly situated, | ) C/A No: 9:23-cv-04706-RMG ) ) ) |
| Plaintiffs, | ) **FIRST AMENDED COMPLAINT** ) *(Jury Trial Demanded)* |
| v. | ) ) |
| Jasper County, | ) ) |
| Defendant. | ) ) |

Plaintiffs Buford "Chad" McDowell, and Rachel Riley, amend their complaint under Rule 15 and respectfully shows unto this Court the following:

**INTRODUCTION**

1. This is a class action brought to obtain equitable relief, injunctive relief, and monetary damages based on Jasper County's illegal withholding of COVID-19 premium pay depriving class members of payment to which they are entitled.

2. This action is brought against Defendant Jasper County for establishing a requirement that eligible employees performing essential work during the COVID-19 public health emergency be on the payroll on a specific date arbitrarily chosen by Defendant Jasper County, in order to receive payment of COVID-19 hazard pay.

3. Despite Plaintiffs and the Class meeting the federal requirements as set out in the American Rescue Plan Act of 2021 ("ARPA"), the Coronavirus State and Local Fiscal Recovery Funds ("SLFRF"), and the Department of Treasury's interim and final rules, Defendant Jasper County continues to withhold premium pay from Plaintiffs and the Putative Class.

1

## THE PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Buford "Chad" McDowell is a citizen and resident of Colleton County, South Carolina.

5. Plaintiff Rachel Riley is a citizen and resident of Colleton County, South Carolina.

6. Defendant Jasper County is a political subdivision of the state of South Carolina.

7. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 et seq., and the Constitution.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1342, and 28 U.S.C.A. §§ 2201 and 2202.

9. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

10. Plaintiffs bring this action on behalf of themselves and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as representative of a proposed class defined as follows:

> All eligible employees employed by Jasper County who performed essential work between March 16, 2020, and June 11, 2021, that left employment with Jasper County prior to September 25, 2021, and did not receive premium pay for essential work performed during the COVID-19 public health emergency.

11. Plaintiff Buford "Chad" McDowell was employed by the Defendant as a Canine Handler from prior to March 16, 2020, to March of 2021 when he resigned.

12. Plaintiff Rachel Riley was employed by the Defendant as a Road Deputy and Canine Handler from prior to March 16, 2020, to March of 2021 when she resigned.

### A. The ARPA, SLFRF, the U.S. Treasury Department, and COVID-19 Premium Pay

13. Since the first case of coronavirus disease 2019 (COVID-19) was discovered in the United States in January 2020, the resulting pandemic has caused both a severe public health and economic crises.

14. In March 2021, Congress enacted the American Rescue Plan Act of 2021 (ARPA) which established the Coronavirus State and Local Fiscal Recovery Funds (SLFRF) to provide state, local, and Tribal governments with the resources needed to respond to the pandemic and its resulting economic effects.

15. The U.S. Department of the Treasury issued an interim final rule implementing the SLFRF program on May 10, 2021, and a final rule on April 1, 2022.

16. The SLFRF program provides vital resources for state, local, and Tribal governments to respond to the pandemic and its economic effects, to replace revenue lost due to the public health emergency, and to prevent cuts to vital government services.

17. Sections 602(c)(1)(B) and 603(c)(1)(B) of the Social Security Act, as added by the ARPA, provide that SLFRF funds be used "to respond to workers performing essential work during the COVID-19 public health emergency by providing premium pay to eligible workers of the . . . government that are performing such essential work, or by providing grants to eligible employers that have eligible workers who perform essential work."

18. Premium pay is designed to compensate workers that, by virtue of their employment, were forced to take on additional burdens and make great personal sacrifices as a result of the COVID-19 pandemic.

19. The United States Treasury has said that premium pay can be thought of as "hazard pay" by another name.[1]

20. Premium pay, as intended by the ARPA, is designed to address the disparity between the critical services provided by and the risks taken by essential workers and the relatively low compensation they tend to receive.

---

[1] *See* 87 Fed. Reg. 4397.

21. The United States Treasury's interim final rule established a three-part framework for recipients seeking to use SLFRF funds for premium pay. First, to receive premium pay one must be an eligible worker. Second, an eligible worker must also perform essential work. Finally, premium pay must respond to workers performing essential work during the COVID-19 public health emergency.

22. All public employees of state, local, and Tribal governments are specifically included in the interim final rule definition of "eligible worker."[2]

23. The final rule defined "essential work" as work that:

(1) Is not performed while teleworking from a residence and

(2) Involves either:

> (i) Regular, in-person interactions with patients, the public, or coworkers of the individual that is performing the work; or

> (ii) regular physical handling of items that were handled by, or are to be handled by, patients, the public, or coworkers of the individual that is performing the work.

24. The ARPA statute defines premium pay as "an amount of up to $13 per hour . . ., in addition to wages or remuneration the eligible worker otherwise receives, for all work performed by the eligible worker during the COVID–19 public health emergency. Such amount may not exceed $25,000 with respect to any single eligible worker." The definition emphasized that premium pay should be in addition to compensation typically received.

25. Defendant Jasper County will receive $5,841,328.00 in SLFRF funds to be spent through December 31, 2026.

26. There is no requirement or guidance from the federal government that would allow for state, local, or Tribal governments to require eligible workers who performed essential work

---

[2] 31 C.F.R. § 35.3

during the COVID-19 pandemic to **additionally** be currently employed by that state, local, and Tribal government at the time of payment in order to receive the premium pay they that they have already earned.

### B. Factual Allegations Specific to the Named Plaintiffs

27. Defendant Jasper County requested SLFRF funds from the federal government.

28. Upon information and belief, Defendant relied in part on Plaintiffs' and the class's activity logs and / or time sheets to substantiate the shifts worked in the request for funds.

29. On September 20, 2021, Defendant Jasper County issued Resolution 2021-20 titled "Resolution to Implement Premium Pay and Vaccine Incentive Program to be Funded by Coronavirus State and Local Fiscal Recovery Funds Not to Exceed $1.65 Million." *See* Exhibit 1.

30. In this Resolution, Defendant stated: ". . . the following incentive compensation shall be provided to Jasper County active employees as of the date of the distribution and as described in Exhibit A." *See* Exhibit 1.

31. In the Exhibit A attached to the Resolution, Defendant determined which of its employees would receive premium pay based on the following:

   1) Applies to active employees on the date of payment

   2) Calculated using regular and OT hours for the period 3/16/2020 through 6/11/2021

   3) Salaried employees hours were calculated using 8 hours per day from 3/16/2020 or date of hire whichever is later to 6/11/2021

   4) Not subject to retirement contributions

   5) Includes employee and employer portion of Medicare and Social security taxes.

32. Defendant provided those employees who remained employed by the County on September 25, 2021 an additional $2 or $3 per hour for every hour worked from March 16, 2020 through June 11, 2021.

33. In January of 2021, a new sheriff's administration took over the Jasper County Sheriff's Office.

34. As a result, some employees were terminated and some resigned from their positions with Defendant.

35. Plaintiff Buford "Chad" McDowell was employed by the Defendant as a Canine Handler from prior to March 16, 2020, to March of 2021 when he resigned.

36. Plaintiff Rachel Riley was employed by the Defendant as a Road Deputy and Canine Handler from prior to March 16, 2020, to March of 2021 when she resigned.

37. Despite the fact that Plaintiffs were eligible workers that performed essential work during the time period of March 16, 2020, through June 11, 2021, Plaintiffs have not received any premium pay for their work.

38. The reason given as to why Plaintiffs and the Class would not receive any premium pay for the essential work performed was that premium pay was a reward for those employees who were still employed with the County after the change in administration.

39. Under 42 U.S.C. § 803(c) and (g), Plaintiffs and the class were "eligible workers" because their service as Sheriff's Deputies was essential work needed to protect the health and well-being of the residents of Jasper County.

40. Plaintiffs could not perform this essential work by teleworking, but rather Plaintiffs' work involved regular in-person interaction with the public and co-workers as well as the physical handling of items that had been previously handled by the public or co-workers.

6

41. Under 31 C.F.R. § 35.3, "Premium pay will be considered to be in addition to wages or remuneration the eligible worker otherwise receives if, as measured on an hourly rate, the premium pay is:

> (1) With regard to **work that the eligible worker <u>previously</u> performed**, pay and remuneration equal to the sum of all wages and remuneration previously received plus up to $13 per hour with no reduction, substitution, offset, or other diminishment of the eligible worker's previous, current, or prospective wages or remuneration . . ."
>
> (Emphasis added).

42. As eligible workers that performed essential work during the COVID-19 public health emergency, Plaintiffs were entitled to receive premium pay from the funds provided to the Defendant by the federal government.

43. Defendant, in implementing 42 U.S.C. § 801 *et seq*., and its related regulations, made an arbitrary and capricious decision to only pay those eligible workers that performed essential work during the March 16, 2020 through June 11, 2021 time period who, in addition to meeting all the requirements set forth by statute and regulation, were also still employed by the Defendant at the times the premium payment was made.

44. Defendant Jasper County's decision to not deliver premium pay to Plaintiffs and the Putative Class, all eligible workers that performed essential work during the covered time period, has deprived Plaintiffs and the Class of premium payment to which they were entitled to.

## **CLASS ALLEGATIONS**

45. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

46. Plaintiffs bring this action on behalf of themselves, and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as representatives of other similarly situated persons who were entitled to premium pay from Defendant.

47. Defendant Jasper County must administer premium pay under the ARPA, SLFRF, and consistent with the guidance as set out by the Department of the Treasury.

48. Jasper County added a requirement that all eligible workers that performed essential work during the covered time periods must be on the payroll at a specific date after the relevant time period had expired.

49. In doing so, Jasper County's actions have violated Federal Law, Federal Guidance, and State Law, resulting in damages to essential employees who performed essential work during the COVID-19 Pandemic who were entitled to premium pay and not on the payroll on September 25, 2021.

50. Specifically, pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves, and all others similarly situated, as a representative of the following class (the "Class" or "Former Employees"):

> All eligible employees employed by Jasper County who performed essential work between March 16, 2020, and June 11, 2021, that left employment with Jasper County prior to September 25, 2021, and did not receive premium pay for essential work performed during the COVID-19 public health emergency.

51. Defendant's illegal withholding of premium pay directly and proximately resulted in damages to the Class members.

52. Defendant's illegal withholding of premium pay continues to directly and proximately cause damages to Class members.

### THE CLASS MEETS THE REQUIREMENT OF RULE 23(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

53. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

54. The Class is properly brought and should be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure because it satisfies the prerequisites of numerosity, commonality, typicality, and adequacy.

55. *Ascertainable*: The members of the Class are ascertainable and can likely be identified through Defendant's own records.

56. *Numerosity*: The members of the Class are so numerous that joinder of all members is impracticable. The exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery. Plaintiffs believe that class membership exceeds several hundred persons.

57. *Commonality*: The claims of Plaintiffs and the members of the Class involve common questions of law and fact, which predominate over questions affecting only individual members of the Class and which can be answered with common proof, including, *inter alia*, the following: (1) whether withholding premium pay violated Federal law and guidance; (2) whether withholding premium pay violated state law; (3) whether premium pay is considered wages under the SC Payment of Wages Act; (4) whether Defendant's withholding of premium pay was a takings under the South Carolina Constitution; (5) whether Defendant's withholding of premium pay violated the equal protection clause of the South Carolina Constitution and the United States Constitution; (6) whether Defendant's withholding of premium pay violated the due process clause of the South Carolina Constitution and the United States Constitution; and (7) whether Defendant's practice of withholding premium pay from those who performed essential work during this time should be enjoined; (8) whether Defendant should be ordered to provide premium pay in accordance with South Carolina and Federal law; and (9) whether Plaintiffs and Class members are entitled to damages as a result of Defendant's withholding.

58. *Typicality*: Plaintiffs' claims are typical of those of the members of the Class because their claim has the same essential characteristics as the claims of the Former Employees or Class, and their claims arise from the same course of conduct by Defendant. Plaintiffs and all of the Former Employees or the Class are eligible employees, who provided essential services during the COVID-19 pandemic for Jasper County. Defendant's actions in withholding the premium pay from the Class was a unform policy applied to all of those eligible under federal law.

59. *Adequacy*: Plaintiffs will fairly and adequately represent the interests of all members of the Class. Plaintiffs' claims are common to all members of the Class and Plaintiffs have strong interests in vindicating their rights. Plaintiffs are represented by counsel experienced in complex, class action litigation. Neither Plaintiffs nor Plaintiffs' counsel has any interests adverse to, or in conflict with, any absent class member.

**THE CLASS MEETS THE REQUIREMENTS OF RULE 23(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

60. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

61. The Class may be maintained pursuant to Rule 23(b)(1), (b)(2), and/or (b)(3).

62. Certification of the Class is appropriate pursuant to Rule 23(b)(1)(A) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendants.

63. Certification of the Class is also appropriate pursuant to Rule 23(b)(2). Defendants have acted or refused to act on grounds that apply generally to the members of the Class, so that final injunctive relief is appropriate respecting the Class as a whole. Defendant has refused to provide premium pay to Plaintiffs and the Class which they are legally entitled to, thereby making final injunctive relief appropriate with respect to the class as a whole. In particular, any final

injunctive relief would apply to the entire Class as the rights of all Class members can be addressed in one order requiring Defendant to calculate and pay premium pay to Plaintiffs and the Class.

64. Certification of the Class is also appropriate pursuant to Rule 23(b)(3) because common questions of law and fact that exist as to all members of the Class are central to the adjudication of this action and predominate over any questions solely affecting individual members of the Class.

65. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this controversy in that, among other factors:

(a) The interests of the Plaintiffs and Class Members in individually controlling the prosecution of separate actions are outweighed by the advantages of adjudicating the common issues of fact and law by means of a class action;

(b) The expense of prosecuting Plaintiff's and Class Members' claims individually would significantly exceed any economic benefit Plaintiffs or Class members could realize individually, and individual litigation would overload court dockets and magnify the delay and expense to all parties, making individual litigation of liability and damages economically impractical and infeasible;

(c) It is desirable that litigation of the claims occur for the Class in this forum to preserve the resources of both the courts and the litigants, and to reduce the risk of varying and inconsistent adjudications that could occur in individual adjudications; and

(d) Little, if any, difficulty is likely to be encountered in management of this class action because the application of the Resolution attached hereto as Exhibit 1 is uniform to the class, and Federal and State law also uniformly apply to the claims of the Class.

## 42 U.S.C. § 1983 LIABILITY OF JASPER COUNTY

66. Plaintiffs realleges and reavers all previous paragraphs as if fully stated herein.

67. At all times material to this Complaint, Jasper County, acting by and through its County Council, members, and employees, was a person acting under color of state law.

68. Defendant Jasper County through its County Council members, employees, and staff passed Resolution 2021-20.

69. Under *Monell v. Department of Social Services of N.Y.*, 426 U.S. 658 (1978), municipal governments have no absolute immunity for civil rights suits filed in the federal courts when the municipality has a policy or custom which violates an individual's constitutional or civil rights.

70. This resolution, as an ordinance, regulation, custom, policy, and / or usage allowed Jasper County to deny premium pay to Plaintiffs and the Class, despite meeting all the requirements and criteria as set out in the federal statutes, regulations, and working during lookback period for which Jasper County sought to compensate its employees with premium pay.

71. As a direct and proximate result of Jasper County's actions and omissions including passing this resolution, Plaintiffs and the Class have been deprived of their rights secured by the Constitution and laws because they have been denied premium pay, while Jasper County remitted premium pay to those who worked alongside Plaintiffs and the Class who remained on the payroll on Defendant's arbitrarily chosen day for payouts.

72. Jasper County's violation of Plaintiffs' and the Class's constitutional right to equal protection, due process, and as an unlawful taking, resulted in damages to them and the class.

**FOR A FIRST CAUSE OF ACTION**
**(South Carolina Payment of Wages Act)**

73. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

74. At all relevant times, Defendant employed the Plaintiffs and the Class within the meaning of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110. Plaintiffs and the Class were "employees" and were not free from the control and direction of the Defendant.

75. Plaintiffs and the Class worked for Defendants with the clear understanding and agreement by Defendants that their compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

76. Plaintiffs and the Class bring this action to recover those unpaid wages due and owed that are recoverable pursuant to South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110.

77. South Carolina has long recognized the Payment of Wages Act as the vehicle to recover wages due and owed from employment.

78. Accordingly, Plaintiffs and the Class are entitled to receive all compensation, specifically the premium pay from the SLFRF funds given to the Defendant for that express purpose, at the same rate as the Defendant has paid to other employees who performed the same work as the Plaintiffs and the Class.

79. As a result of Defendant's unlawful policies and practices as set forth above, and under the direction of Defendant and County Council, Plaintiffs and the Class have been deprived of compensation due and owing which Defendants owe in their commitment to abide by applicable wage and hour laws.

80. As a direct and proximate result of Defendant's conduct, Plaintiffs and the Class have been deprived of compensation to which they are entitled, including monetary damages in the amount of three (3) times the unpaid wages as well as reasonable attorneys' fees and costs.

## **FOR A SECOND CAUSE OF ACTION**
### (Money Had and Received)

81. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

82. Defendant is receiving $5,841,328.00 to be spent through December 31, 2026, as part of the Federal government's response to the COVID-19 pandemic.

83. A portion of that $5,841,328.00 is intended to compensate eligible workers that performed essential work during the pandemic.

84. Plaintiffs and the Class were employees of the Defendant and qualified as eligible workers.

85. Plaintiffs and the Class performed essential work for the Defendant as part of their employment.

86. Defendant performed that essential work during the time frame of the COVID-19 pandemic.

87. Defendant has realized the benefit of receiving Plaintiffs' work during the pandemic and federal funds intended for premium pay to eligible workers such as the Plaintiffs and the Class.

88. Additionally, based upon this work, Defendant Jasper County requested funds from the federal government and substantiated this request using hours worked by Plaintiffs and the Class, in part, for the benefit of receiving federal funds for the County.

89. At the time these benefits came due, Defendants illegally denied Plaintiffs and the Class the monies to which they were entitled under federal and state law.

90. Allowing Defendant to retain these monies, which would otherwise be paid to Plaintiffs and the Class absent Defendant's arbitrarily chosen payout date, would be unjust and inequitable.

91.     Defendant's inequitable practice of illegally withholding premium pay has directly and proximately caused monetary damages to Plaintiffs and the Class.

92.     Defendant has improperly retained the benefit of receiving those federal funds by not paying the Plaintiffs and the Class the premium pay they are entitled to receive.

**FOR A THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1983 Violation of the Guarantee to Equal Protection of the Law)**

93.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

94.     The Defendants' decision to not pay any premium pay to eligible employees, Plaintiffs and the Class, who performed essential work during the COVID-19 pandemic, as set forth by federal statutes and regulations, is a violation of statutory law and the federal statutes and regulations and is not supported by any rational basis.

95.     The Defendants' decision to not pay any premium pay to eligible employees that performed essential work during the COVID-19, as set forth by federal statutes and regulations, is arbitrary and capricious.

96.     The Defendant's decision therefore violates equal protection guaranteed under the South Carolina Constitution and equal protection guaranteed under the United States Constitution and must be declared void.

**FOR A FOURTH CAUSE OF ACTION**
**(42 U.S.C. § 1983 Unlawful Taking)**

97.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

98.     If allowed to stand, the Defendants' decision to not deliver the premium pay earned by the Plaintiffs and the Class oppressively, arbitrarily, capriciously, and unreasonably deprives him of his property.The Defendant's decision, as applied to the Plaintiffs and the Class, violates

the protections afforded all citizens against unlawful takings by the South Carolina Constitution and the United States Constitution.

## FOR A FIFTH CAUSE OF ACTION
### (42 U.S.C. § 1983 Violation of Due Process)

99. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

100. No person shall be deprived of life, liberty, or property without due process of law.

101. By not following the statutes and regulations governing premium pay for eligible workers doing essential work during the covered time period, Plaintiffs and the Class are deprived of the use and enjoyment of their property without due process of law.

102. The Defendant's decision, as applied to the Plaintiffs and the Class is arbitrary, capricious, and is so constitutionally infirm as to require that it be stricken and not enforced.

103. The violations of Plaintiffs' and the Class members' due process rights under the South Carolina Constitution and United States Constitution have damaged Plaintiffs and the Class Members.

## FOR A SIXTH CAUSE OF ACTION
### (Breach of Contract Implied In-Fact/Third Party Beneficiary)

104. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

105. Defendant entered into a contract with the federal government to receive federal COVID-19 relief funds for, in part, the direct benefit of Plaintiffs and the Class. *See* https://home.treasury.gov/system/files/136/Financial-Assistance-Agreement-Local-Governments.pdf (last visited Sept. 11, 2023).

106. The federal monies requested by Defendant were realized by Defendant and were requested, in part, for the express purpose and intent of providing premium payment to eligible

employees performing essential work during the COVID-19 pandemic, like Plaintiffs and the Class.

107. Defendant intended that these payments should directly benefit qualifying workers like Plaintiffs and the Class in the form of premium payments paid according to statutory requirements.

108. As front-line workers, these funds were intended to provide renumeration to eligible employees performing essential work during the COVID-19 pandemic, like Plaintiffs and the Class.

109. At the time premium payment became due, Defendants illegally withheld premium pay to Plaintiffs and the Class, depriving Plaintiffs and the Class of monies of which they were the intended direct beneficiary.

110. As a result, Defendant has and continues to retain monies that the federal government provided to Defendant with the intent that those monies would be paid to qualifying employees, including Plaintiffs and the Class.

111. As intended third-party beneficiaries of the contract between Defendants and the federal government, Plaintiffs and the Class are entitled to pursue remedies for breach of the contract by Defendants.

112. Plaintiffs and the Class were third party beneficiaries of the contract between the County and the Federal Government.

113. Defendants have breached this contract and as a direct and proximate result, Plaintiffs and the Class have and continue to suffer monetary damages.

### FOR A SEVENTH CAUSE OF ACTION
**(Declaratory Judgment)**

114. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

115. As set forth above, there exists an actual dispute within the parties as to the enforceability of the Defendant's decision to not compensate the Plaintiffs and the Class with the premium pay they earned during the COVID-19 pandemic.

116. The application of the Defendant's decision to the Plaintiffs and the Class constitutes a violation of his due process rights, an unconstitutional taking, and the Defendant should be estopped from applying the Defendant's decision to them.

117. A declaratory judgment defining the rights, privileges, and duties of and between the parties is appropriate pursuant to South Carolina Code § 15-53-10, *et seq.*

## FOR AN EIGHTH CAUSE OF ACTION
**(Injunctive Relief)**

118. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

119. As a result of the Defendant's decision, Plaintiffs and the Class have suffered and will continue to suffer irreparable and immediate harm and injury to their property and rights under the South Carolina common law, South Carolina Code, and the Constitutions of the State of South Carolina and of the United States, and they have no adequate remedy at law.

120. The federal statutes and regulations, referenced above and incorporated herein, set forth the requirements for government employees such as the Plaintiffs and the Class to be entitled to premium pay.

121. Plaintiffs and the Class are therefore entitled to a preliminary and permanent injunction enjoining Defendant from applying a requirement that eligible workers that performed essential work during the covered time period also remain in that employment until the premium payment is made by the Defendant.

122. The balance of harm favors the Plaintiffs and the Class because an injunction would merely require Defendant to comply with the terms of federal statutes and regulations outlining who is entitled to premium pay.

123. There is no imminent threat to public health, safety or welfare such that would justify the Defendant's decision not to pay the Plaintiffs and the Class.

124. The granting of an injunction will cause no harm to Defendant, but substantial and irreparable harm and suffering has occurred and will continue to occur to the Plaintiffs and the Class without injunctive relief.

## FOR A NINTH CAUSE OF ACTION
### (42 U.S.C. § 1988 – Attorney Fees)

125. Plaintiffs reallege and reaver all previous paragraphs as if fully stated herein.

126. Plaintiffs are entitled to reasonable costs and attorney fees pursuant to 42 U.S.C.§ 1988 and applicable statutes and laws.

## JURY DEMAND

127. Plaintiffs demand a trial by jury on all claims so triable.

## REQUEST FOR RELIEF

128. Plaintiffs incorporates all prior paragraphs.

129. Plaintiffs and the Putative Class asks for judgment against Defendant as follows:

   a. damages, compensatory and punitive, as to the above causes of action in an amount to be determined by a jury at trial;

   b. a judgment declaring the Defendant's decision unenforceable as to the Plaintiffs and Class;

   c. an injunction barring the application of the Defendant's decision to the Plaintiffs and the Class;

   d. monetary damages in the amount of three (3) times the unpaid wages as well as reasonable attorneys' fees and costs;

    e. Plaintiffs are entitled to compensatory damages, attorney's fees pursuant to 42 U.S.C. § 1988, and costs to be determined by the trier of fact and punitive damages in an amount sufficient to punish Defendants as well as deter similar conduct by Defendants and others; and

    f. such further relief is authorized under the law and as the Court deems just and appropriate.

Respectfully Submitted,

**RICHARDSON THOMAS, LLC**

By: *s/Brady R. Thomas*
Brady R. Thomas (FBN: 9623)
brady@richardsonthomas.com
Daniel S. Haltiwanger (FBN: 7544)
dan@richardsonthomas.com
Grace M. Babcock (FBN: 13880)
grace@richardsonthomas.com
1513 Hampton Street, First Floor
Columbia, SC 29201
T: (803) 281-8150

**THE NOBLE LAW FIRM, PLLC**

*s/Victoria Kepes*
Victoria Kepes, Esq. (FBN: 13000)
vkepes@thenoblelaw.com
1156 Bowman Road, Suite 200
Mt. Pleasant, South Carolina 29464
T: (919) 251-6008
F: (919) 869-2079

**ATTORNEYS FOR PLAINTIFF**

Dated: February 14, 2024
Columbia, South Carolina